IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA MENGERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cv-00443-CVE-SH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Defendant's motion to compel discovery from Plaintiff relating to her medical and mental health treatment. Defendant has met its burden of showing that the requested information is relevant to Plaintiff's claimed damages, and the requested discovery is proportional to the needs of the case. Defendant's motion will be granted as to the incomplete discovery responses.

**Background**

In this lawsuit, Plaintiff Rhonda Mengert ("Mengert") asserts a false imprisonment claim relating to a search performed by the Transportation Security Administration ("TSA") in May 2019.[1] (ECF No. 2.) According to Mengert, TSA required her to participate in a "strip search" where she exposed her genitals and underwear to allow for visual inspection of a feminine hygiene product. (*Id.* ¶¶ 19, 23, 30-36.) Mengert alleges she "experienced severe emotional distress during and after the incident." (*Id.* ¶ 39.) During the incident, Mengert alleges she "experienced symptoms of a panic attack, including racing heart, shortness of breath, uncontrollable shaking, and nausea." (*Id.* ¶

---

[1] The complaint also contained a claim for intentional infliction of emotional distress, which District Judge Claire V. Eagan dismissed on August 9, 2022. (ECF No. 18.)

40.) "Since the incident, Mengert experiences recurrent, unwanted, distressing memories of the event" and again experiences the same symptoms she felt during the incident. (*Id.* ¶¶ 41-42.) Additional post-event symptoms include "fear of loss of control of her body, sweating, tightness in throat, headache, and hot flashes followed by emotional numbness," and her "uncontrollable shaking" is so severe "that she cannot control the movement of her arms and . . . the trembling of her legs requires her to sit to avoid falling." (*Id.* ¶¶ 43-44.) At the time she filed her complaint in October 2021, Mengert claimed to suffer these symptoms "no less than several times per month since the incident." (*Id.* ¶ 48.) For relief, Mengert seeks "[c]ompensatory damages for loss of liberty, the unconstitutional search, and garden-variety emotional distress, in an amount to be determined by a jury." (*Id.* at 9.) Both in her pre-litigation demand and in discovery, Mengert has asserted that these damages are $1 million. (ECF Nos. 27-1 & 27-3 at 2.)

Defendant propounded interrogatories and requests for production seeking a range of information regarding medical care (both physical and mental) received by Mengert from May 12, 2014 (five years prior to the TSA incident) to present. (ECF No. 27-2.) In particular, Defendant asked Mengert to identify visits with "any type of medical care, health care, psychiatric or psychological care, emotional and mental health care, therapy, and counseling" from May 12, 2014, to present (Interrogatory No. 7); and to identify all prescription medicines during those same dates (Interrogatory No. 8). Defendant also asked Mengert to produce all documents discussing her health or the claims alleged in the complaint (Request for Production No. 7); all mental health bills and/or other bills related to any of the claims in the complaint (Request for Production No. 9); and all records of prescriptions identified in response to Interrogatory No. 8 (Request for Production No. 10). (ECF No. 27 at 3-5.)

Mengert objected that each request was "unduly burdensome, unlikely to lead to the discovery of admissible evidence, and overly intrusive in proportion to any likely probative value." (ECF No. 27-3 at 4, 7-8.) Mengert also noted "she is not seeking to recover for a medically[]significant injury and will not be alleging the same at trial." (*Id.*) Mengert did not assert any privilege. Mengert later supplemented her interrogatory answers to disclose that she "has not received medical attention relating to this incident or any other traumatic incident or mental health treatment between May 12th, 2017 and present" and that she had "not taken any medication intended to treat any mental health issues between May 12th, 2017 and present." (*Id.* at 4.)

Mengert otherwise stands on her objections, and Defendant moves to compel.

## Analysis

Under Rule 26, the parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Here, Mengert has not claimed any privilege relating to the discovery in dispute. (ECF No. 27-3 at 4, 7-8; ECF No. 32 at 4-5 ("Plaintiff position is not based on a claim of privilege").) Therefore, the Court looks to the relevance and proportionality of the disputed requests.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and that fact is of consequence in determining the action. Fed. R. Evid. 401. For proportionality, the Court looks to "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

3

likely benefit." Fed. R. Civ. P. 26(b)(1). This is a case-by-case determination and one in which each of the actors shares in the burdens:

> A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory ctte's note to 2015 am.

In general, when a plaintiff is asserting damages for emotional distress, evidence of alternative causes of that distress is relevant, appropriate evidence for trial. *York v. Am. Tel. & Tel. Co.,* 95 F.3d 948, 957 (10th Cir. 1996) (denying motion in limine to exclude evidence of medical treatment received). This often means that a claimant's medical records are relevant and, therefore, discoverable.[2] *See, e.g., Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657, 660 (D. Kan. 2004) (finding medical records relevant to emotional distress damages, as well as the defendant's potential defenses, because records "may reveal stressors" that may have affected the plaintiff's emotional wellbeing). In some cases, courts have limited discovery to records regarding the plaintiff's emotional or psychological condition. *See, e.g., Simpson v. Univ. of Colorado,* 220 F.R.D. 354, 365 (D. Colo. 2004) (limiting records because complaint did not allege physical injury). In others, discovery into the full range of medical records has been allowed. *See, e.g., Owens,*

---

[2] Plaintiff's assertion that her emotional-distress damages are "garden variety" is not pertinent to this inquiry. *See, e.g., Owens,* 221 F.R.D. at 659-60 (noting "garden variety" arguments are more applicable in the context of Rule 35 motions to compel physical or mental examinations); *Imel v. Forte Prod.,* No. 19-4107-JWB-ADM, 2020 WL 3545627, at *5 (D. Kan. June 30, 2020) ("The fact that a claim for garden variety emotional distress might not rise to a level justifying a Rule 35 exam does not mean that any other discovery on the issue is irrelevant.")

221 F.R.D. at 658-59 (compelling discovery into treatment for "physical, emotional or mental conditions"); *Fox v. Gates Corp.*, 179 F.R.D. 303, 306 (D. Colo. 1998) (noting other medical records are relevant to whether plaintiff's claimed emotional distress can be attributable to another stressor). In this case, and particularly where Plaintiff is alleging physical manifestations of her emotional distress, Plaintiff's overall physical and mental condition and related medical records are relevant.

As for burden, Plaintiff offers no information from which this Court could find any significant discovery burden imposed on her by these requests. She has not, for example, asserted that her medical records are particularly voluminous or difficult to access. At most, Plaintiff has asserted issues of privacy or confidentiality that are easily addressed by a protective order under Rule 26(c). Given the amount at issue in this litigation ($1 million), the parties' relative access to the information, and the importance of discovery in resolving the cause of Plaintiff's alleged damages, the Court finds the requested discovery proportional to the needs of the case.

The Court, therefore, will grant the motion to compel as to Interrogatory Nos. 7 and 8 and Request for Production Nos. 7 and 10. As for Request for Production No. 9, Plaintiff has already responded to this request in full, stating she "does not have any documents responsive to this request." Given this full response, there does not appear to be anything to compel. To protect the confidentiality of any sensitive materials, the parties shall prepare an agreed protective order for the Court's consideration, which may then be used to designate any confidential material for its protection.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Discovery (ECF No. 27) is GRANTED IN PART and DENIED IN PART. The parties shall submit a

5

proposed protective order by January 10, 2023. Plaintiff shall fully respond to Interrogatories No. 7 and 8, and Requests for Production Nos. 7 and 10, by January 17, 2023.

ORDERED this 3rd day of January, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

Case 4:21-cv-00443-CVE-SH   Document 34 Filed in USDC ND/OK on 01/03/23   Page 6 of 6