UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA MENGERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0443-CVE-SH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion to Modify Scheduling Order and for Leave to Amend Complaint (Dkt. # 46). Plaintiff requests leave to file an amended complaint adding claims of battery, assault, and negligence, and plaintiff also asks the Court to accelerate the discovery cutoff and dispositive motion deadline. Dkt. # 46. Defendant responds that plaintiff's motion for leave to file an amended complaint is untimely under the scheduling order, and defendant claims that it will be unfairly prejudiced if plaintiff is permitted to file an amended complaint. Dkt. # 47. Defendant also objects to plaintiff's request to accelerate deadlines, and defendant argues that plaintiff's request to file an amended complaint coupled with her request to shorten deadlines shows that plaintiff is engaging in procedural gamesmanship.

On October 13, 2021, plaintiff filed a complaint alleging claims of false imprisonment and intentional infliction of emotional distress against the United States based on her allegations that she she was subjected to an illegal search and confinement when she went through airport security. Plaintiff alleges that she went through a security checkpoint at the Tulsa International Airport, and she walked through a standard metal detector used for pre-checked passengers. Dkt. # 2, at 2. Plaintiff states that she has a metal joint implant and she requested to be screened with a body

scanner but, following the body scan, plaintiff was informed by a Transportation Security Administration (TSA) employee that a pat-down of her person would be necessary before she could be cleared. Id. at 3. Plaintiff claims that she was subjected to a strip search in a private room after the TSA screener mistook her feminine hygiene product for a possible explosive device, and she was asked to remove the feminine hygiene product for inspection. Id. at 4. Plaintiff states that she complied with all requests related to the search of her person, but she had to request permission to leave four times before TSA employees cleared her to board her flight. Id. at 4-5. Plaintiff brought claims of false imprisonment and intentional infliction of emotional distress against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 (FTCA).

Defendant filed a motion to dismiss (Dkt. # 11) arguing that it had not waived sovereign immunity from plaintiff's claims and the Court lacked jurisdiction over this case. Defendant also argued that plaintiff had failed to state a claim for intentional infliction of emotional distress under Oklahoma law. The Court rejected defendant's jurisdictional argument, but the Court concluded that plaintiff's intentional infliction of emotional distress claim should be dismissed for failure to state a claim upon which relief can be granted. Dkt. # 18. The Court entered a scheduling order (Dkt. # 22), inter alia, setting a deadline of December 26, 2022 for the parties to file a motion to amend pleadings or join parties. Dkt. # 22. Defendant filed an unopposed motion to continue deadlines by approximately 90 days, and defendant requested a discovery cutoff of May 24, 2023 and a dispositive motion deadline of June 28, 2023. The Court granted the motion to continue deadlines and extended the remaining unexpired deadlines, but the amended scheduling order (Dkt. # 38) did not include a new deadline for the parties to file motions to amend pleadings.

Plaintiff has filed a motion seeking leave to file an amended complaint adding additional tort claims against defendant, and she states in her motion that the new claims are based on the same facts alleged in the original complaint. Dkt. # 46, at 2. Plaintiff asserts that defendant intends to file a motion for summary judgment, in part, based on an argument that plaintiff's claim of false imprisonment fails even if all of her allegations are accepted as true. Id. at 1-2. Plaintiff seeks to file an amended complaint adding claims of battery, assault, and negligence, and she claims that it is necessary for her to assert additional claims in light of defendant's "surprise" argument that it believes plaintiff's confinement and search was lawful. Dkt. # 48, at 3. Defendant responds that it is hardly surprising that it intends to file a motion for summary judgment, and it argues that plaintiff has not offered a plausible explanation for the delay in seeking to add new claims. Dkt. # 47, at 4-8. Defendant also argues that it will be unfairly prejudiced by plaintiff's untimely amendment, and granting plaintiff's motion to amend will likely result in a delay of the trial. Id. at 11-13.

The proposed amended complaint would add three additional tort claims against defendant. Plaintiff claims that defendant can be held liable for battery based on the actions of a TSA employee who ordered plaintiff to remove her clothing and submit to a strip search, even if the TSA employee did not actually touch plaintiff. Dkt. # 46-2, at 8. Plaintiff argues that it would constitute a battery even if the TSA employee did not actually touch plaintiff, because it would be offensive to a reasonable person to touch herself under the circumstances. Dkt. # 46, at 2. Based on the same conduct, plaintiff proposes to allege an assault claim due to the TSA employee's intent that an inappropriate touching take place. Dkt. # 46-2, at 9. Finally, plaintiff seeks to add a negligence claim based on the theory that a TSA employee who was present but failed to intervene to protect plaintiff from an unlawful search breached her duty of care to plaintiff. Id. at 10.

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dept' of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

When a party seeks leave to amend after expiration of a scheduling order deadline, the moving party must show good cause pursuant to Fed. R. Civ. P. 16(b)(4) for seeking leave to amend outside of the deadline established in the Court's scheduling order, in addition to the Rule 15(a) standard for allowing a party to amend a pleading. Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n, 771 F.3d 1230, 1240 (10th Cir. 2014). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" Id. at 1240 (quoting Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)). The good cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed." Id. at 1240.

The Court will initially consider whether plaintiff has shown good cause for seeking leave to amend outside of the deadline established by the scheduling order. Plaintiff's argument on this issue is vague and contradictory. Plaintiff initially argued that she is not seeking leave to amend her complaint to allege additional facts, but she is requesting leave to add new claims based on the facts alleged in her original complaint. Dkt. # 46, at 2 ("Plaintiff therefore seeks leave to amend her complaint not to add or modify any factual allegations, but to add alternative bases for liability"). However, in her reply, plaintiff argues that her motion to amend is timely because her proposed negligence claim is based on new evidence. Dkt. # 48, at 2 ("It was not until discovery disclosed TSA's non-public policies and the fact that Defendant's employee admitted under oath that she was not paying attention that Plaintiff could have filed such a negligence claim without exceeding the boundaries of Rule 11"). Plaintiff seems to be arguing that defendant will not be prejudiced due to the lack of new factual allegations in her proposed amended complaint, while simultaneously arguing that her motion is timely because it is based on new evidence. The discovery of new evidence in support of her claims would provide a basis for plaintiff to argue that good cause exists for her untimely motion to amend, but this argument was raised only after defendant pointed out that plaintiff's motion was filed after the deadline to file motions to amend pleadings had expired.

The lack of clarity in plaintiff's explanation for seeking leave to amend ties in closely with another issue raised by defendant, which is that plaintiff appears to be seeking leave to amend to avoid summary judgment on her existing false imprisonment claim. Dkt. # 47, at 7. Plaintiff claims that she could not have known about a potential negligence claim until a TSA employee testified during a deposition that she was not paying attention while the search of plaintiff's person occurred. Dkt. # 46, at 3. However, the parties are in agreement that the only persons present in the room

when the alleged strip search occurred were plaintiff and the TSA screeners, and plaintiff would have known that one of the screeners made no attempt to intervene to stop the search. For the purpose of plaintiff's proposed negligence claim, it does not matter whether the TSA's screener's failure to intervene was intentional or merely careless, and plaintiff was clearly aware of the TSA screener's failure to intervene when the case was filed. As to her other proposed claims, plaintiff makes no attempt to offer an explanation as to why she did not include claims of assault or battery in her original complaint. It is apparent that plaintiff was aware of the factual basis for her proposed claims of assault, battery, and negligence when she filed her original complaint, and plaintiff is seeking leave to amend nearly a year and a half after the case was filed. The only fact that seems to have changed that could explain plaintiff's desire to file an amended complaint is that she has learned that defendant intends to file a motion for summary judgment asserting an argument that she did not expect, and plaintiff's filings suggest that she is concerned that defendant may have a valid argument would dispose of her false imprisonment claim.

The Court finds that plaintiff has not shown good cause for failing to seek leave to amend within the deadline established in the Court's scheduling order, and plaintiff's motion to amend (Dkt. # 46) should be denied. Plaintiff has not stated a clear reason for her delay in filing a motion to amend, and she cannot show that she diligently attempted to comply with deadlines established in the scheduling order. Plaintiff's failure to provide a clear explanation for the untimeliness of her motion also means that she cannot meet the Rule 15 standards for seeking leave to amend, because she has not provided an adequate explanation for the delay in filing her motion. Minter, 451 F.3d at 1206. Plaintiff has also asked the Court to expedite the discovery cutoff and dispositive motions deadline to prevent any possible delay to the trial scheduled for September 18, 2023. The Court

finds that it is unnecessary to accelerate any deadlines in the scheduling order (Dkt. # 38), and the discovery cutoff and dispositive motions deadlines will remain as set in the current scheduling order.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Modify Scheduling Order and for Leave to Amend Complaint (Dkt. # 46) is **denied.**

**DATED** this 2nd day of May, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE